1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   LESLIE ELOWSON,                    No.  2:14-cv-02559-JAM-KJN

11               Plaintiff,

12        v.                            **ORDER GRANTING IN PART AND
                                        DENYING IN PART DEFENDANTS'**
13   JEA SENIOR LIVING, a               **MOTIONS TO DISMISS**
     Washington state corporation;
14   JOHN MCNEIL; JERRY ERWIN;
     CODY ERWIN, and DOES 1-50,
15   inclusive,

16               Defendants.

17

18        Defendants Cody Erwin and Jerry Erwin (collectively "the

19   Erwins") filed a motion to dismiss ("the Erwins' Motion to

20   Dismiss") (Doc. #11) pursuant to Federal Rule of Civil Procedure

21   12(b)(2).  In addition, Defendants JEA Senior Living ("JEA"),

22   John McNeil ("McNeil") and the Erwins (collectively "Defendants")

23   filed a joint motion to dismiss (Doc. #12) ("Defendants' Motion

24   to Dismiss") pursuant to Federal Rule of Civil Procedure

25   12(b)(6).[1]  Plaintiff Leslie Elowson ("Plaintiff") filed a single

26

27   ───────────────────────
     [1] These motions were determined to be suitable for decision
     without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for April 22, 2015.

                                    1

1    opposition to both motions (Doc. #17), and Defendants filed a

2    single reply (Doc. #18).

3

4         I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

5         JEA is a Washington state corporation that operated the

6    Empire Ranch Alzheimer's Special Care Center where Plaintiff was

7    employed as an administrator.  McNeil and the Erwins were

8    executives of JEA and direct supervisors of Plaintiff.

9         Due to a variety of medical conditions and complications,

10   Plaintiff was forced to take medical leave on several occasions.

11   She alleges that as a result, Defendants conspired to, and did in

12   fact, compel her to leave her job in violation of her

13   constitutional rights.  Over the relevant time period, Plaintiff

14   was subjected to harassment, discrimination and retaliatory

15   actions on the basis of her gender, medical conditions, and

16   lawful taking of protected leave.  After being forced from her

17   position, she alleges Defendants made knowingly false and

18   damaging statements about her to third parties, including

19   defamatory statements regarding Plaintiff's professional

20   qualifications and abilities.

21       Plaintiff's First Amended Complaint (Doc. #10) ("FAC")

22   contains three causes of action: (1) conspiracy to violate her

23   civil rights pursuant to 42 U.S.C. § 1985(3) ("§ 1985(3)"); (2)

24   intentional infliction of emotional distress; and

25   (3) defamation.

26   ///

27   ///

28   ///

II.   OPINION

A.   The Erwins' Motion to Dismiss

The Erwins' Motion to Dismiss contends the Court lacks personal jurisdiction over Cody and Jerry Erwin.

A plaintiff bears the burden of establishing personal jurisdiction over a defendant.  Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008).  Personal jurisdiction in federal court must comport with Rule 4(k) of the Federal Rules of Civil Procedure, as well as with federal due process.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004).  The long-arm statute of the state in which the district court sits must be applied when determining whether the court has jurisdiction over out-of-state defendants.  Id. at 800 (citing Fed. R. Civ. P. 4(k)(1)(A)).  The California long-arm statute is coextensive with federal due process.  Id. at 800-01.

The overarching framework for personal jurisdiction asks whether the defendant has minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see also Boschetto, 539 F.3d at 1015-16.  A plaintiff need only make a prima facie showing of jurisdictional facts to avoid the granting of a motion to dismiss.  Boschetto, 539 F.3d at 1015-16; Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995).  "Uncontroverted allegations in [a plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor."  Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d

1124, 1127 (9th Cir. 2010).

However, "the court need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction." NuCal Foods, Inc. v. Quality Egg LLC, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012).  The plaintiff "must show facts, which if true, would establish personal jurisdiction over defendants." Id. (citing Mattel, Inc. v. Greiner and Hausser GmbH, 354 F.3d 857, 862 (9th Cir. 2003)).

Personal jurisdiction may be either general or specific. See Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).  General jurisdiction may be established when a defendant's contacts with a state are "substantial" or "continuous and systematic" such that the defendant "can be haled into court in that state in any action, even if the action is unrelated to those contacts." Id.  "The standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that approximate physical presence." Id.

The Ninth Circuit has developed a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

4

1    _Schwarzenegger v. Fred Martin Motor Co._, 374 F.3d at 802 (quoting

2    _Lake v. Lake_, 817 F.2d 1416, 1421 (9th Cir. 1987)).

3        The Erwins contend Plaintiff has not adequately alleged the

4    Court has either general or specific personal jurisdiction over

5    them.  In the Opposition, Plaintiff responds to Defendants'

6    arguments by citing to paragraph six of the FAC.  The portion of

7    that paragraph relevant to the issue of _personal_ jurisdiction

8    states:

9        Defendants McNEIL, J. ERWIN, and C. ERWIN had frequent,
         substantial and systematic contacts with Plaintiff, as
10       ERASCC's General Manager, both in this jurisdiction and
         in Washington state. Defendants (McNEIL in particular)
11       made frequent, substantial visits to California to meet
         with Plaintiff and members of her staff, evaluate
12       ERASCC's operations, and also to oversee other
         businesses owned and/or operated by Defendants J. ERWIN
13       and C. ERWIN.  Defendants' purposeful, repeated and
         substantial contacts with this jurisdiction and
14       availing of the laws, regulations, and protections of
         this jurisdiction make it proper for this Court to
15       exercise personal jurisdiction over Defendants McNEIL,
         J. ERWIN, and C. ERWIN.

16

17   FAC ¶ 6.  Plaintiff contends this paragraph "sufficiently pleads

18   the requisite minimum contacts for [the Erwins] such that

19   **specific** personal jurisdiction is [] proper."  Opp. at pp. 8-9

20   (emphasis added).  The Court thus assumes Plaintiff is not

21   arguing the Court has general jurisdiction over the Erwins even

22   though the language quoted from the FAC clearly blends the

23   standards for general and specific personal jurisdiction.

24       As indicated, the Court is not required to accept

25   "conclusory claims" or "legal conclusions" in determining whether

26   a plaintiff has met her burden in establishing personal

27   jurisdiction.  Since the portion of the FAC relied on by

28   Plaintiff consists of conclusory claims and legal conclusions,

1  the Court finds Plaintiff has failed to meet her burden in

2  establishing this Court's personal jurisdiction over the Erwins

3  under the Ninth Circuit's three-prong test.  However, because the

4  Court is not convinced amendment would be futile, the Erwins'

5  Motion to Dismiss is granted with leave to amend.

6      B.   Defendants' Motion to Dismiss

7      Defendants' Motion to Dismiss pursuant to Rule 12(b)(6)

8  challenges each of Plaintiff's causes of action.  They will be

9  discussed in turn.

10         1.   November 2012 Release

11     Defendants first argue that all of Plaintiff's claims are

12  barred by a November 2012 release, entitled "Severance, Release

13  and Confidentiality Agreement" ("the Release"), which Plaintiff

14  admits was signed by her.  MTD at pp. 3-4.  In her Opposition,

15  Plaintiff challenges the enforceability of the Release,

16  contending "she was not possessed of all her faculties and was in

17  an untenable situation when Defendants ordered her to sign the

18  Release."  Opp. at pp. 10-11.

19     The actual Release was offered by Defendants in an attached

20  request for judicial notice (Doc. #12-1).  The Court finds that

21  further factual development is necessary in order to determine

22  what effect, if any, the Release has on Plaintiff's claims.

23  Therefore, Defendants' request for judicial notice and motion to

24  dismiss on this ground are denied.

25         2.   Conspiracy

26     Section 1985(3) creates a civil action for damages caused by

27  two or more persons who "conspire . . . for the purpose of

28  depriving" the injured person of "the equal protection of the

laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000) (citing Scott v. Ross, 140 F.3d 1275, 1284, rehearing den., 151 F.3d 1247 (9th Cir. 1998)). "A complaint that contains vague, conclusory allegations of conspiracy, without any specification of the agreement forming the conspiracy, will not survive a motion to dismiss under § 1985(3)." Lester v. Mineta, No. C 04-3074 SI, 2006 WL 463515, at *3 (N.D. Cal. 2006).

Defendants move to dismiss Plaintiff's conspiracy claim because (1) she has not properly alleged such a claim; and (2) the claim is barred by the "intra-corporate conspiracy doctrine." MTD at pp. 4-5. Defendants argue Plaintiff's allegations are vague and fail to meet the requisite specificity standard. The FAC alleges there existed a systematic and coordinated effort by Defendants to force Plaintiff out of her position, including meetings between Defendants to form a plan for carrying out this common goal. FAC ¶¶ 24-35. The Court finds these factual allegations adequately state a claim for conspiracy pursuant to § 1985(3) and denies Defendants' Motion to Dismiss on this ground.

Defendants next argue the "intra-corporate conspiracy doctrine" bars Plaintiff's conspiracy claim. "The intra-corporate conspiracy doctrine was first developed in the

antitrust context, and precludes a corporation from being charged with conspiracy to violate antitrust laws . . . ." <u>Lester</u>, 2006 WL 463515, at *3.  Numerous circuits have extended this doctrine to civil rights cases; however the Ninth Circuit has expressly reserved the issue.  <u>See</u> <u>Portman v. Cnty. of Santa Clara</u>, 995 F.2d 898, 910 (9th Cir. 1993).  Similar to other district courts in California, this Court declines to extend the scope of the intra-corporate conspiracy doctrine here.  <u>See</u> <u>Ibarra v. City of Watsonville</u>, No. 5:12-CV-02271-EJD, 2013 WL 623045, at *8 (N.D. Cal. 2013); <u>Brown v. Alexander</u>, No. 13-01451 SC, 2013 WL 6578774, at *14 (N.D. Cal. 2013).  The motion is denied on this ground.

### 3.   Intentional Infliction of Emotion Distress

Under California law, a claim for intentional infliction of emotional distress ("IIED") is comprised of the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." <u>Ferretti v. Pfizer Inc.</u>, No. 11-CV-04486, 2012 WL 3638541, at *10 (N.D. Cal. 2012).

Defendants challenge Plaintiff's IIED claim on two grounds. They first contend that the claim is preempted by California's workers' compensation scheme.  MTD at p. 6.  They also argue Plaintiff has failed to adequately allege extreme and outrageous conduct or emotional distress, as required for an IIED claim. <u>Id.</u> at pp. 7-8.

"Following the California Supreme Court's holding in <u>Miklosy</u>

1   [v. Regents of Univ. of California, 44 Cal. 4th 876 (2008)],

2   California courts have held that California IIED claims are

3   barred by [California's Workers' Compensation Act's] exclusivity

4   provisions, even if they are based on conduct that allegedly

5   violates a fundamental public policy . . . ."  Langevin v. Fed.

6   Exp. Corp., No. CV 14-08105 MMM FFMX, 2015 WL 1006367, at *10

7   (C.D. Cal. 2015).  In Miklosy, the California Supreme Court was

8   faced with an IIED claim brought against the plaintiffs'

9   employer:

> Plaintiffs allege defendants engaged in "outrageous
> conduct" that was intended to, and did, cause
> plaintiffs "severe emotional distress," giving rise to
> common law causes of action for intentional infliction
> of emotional distress.  The alleged wrongful conduct,
> however, occurred at the worksite, in the normal course
> of the employer-employee relationship, and therefore
> workers' compensation is plaintiffs' exclusive remedy
> for any injury that may have resulted.

15  Miklosy, 44 Cal. 4th at 902; see also Webb v. Cnty. of Trinity,

16  734 F. Supp. 2d 1018, 1034-35 (E.D. Cal. 2010).

17      Plaintiff argues that an employer's unlawful discrimination

18  is not a normal incident of employment, and thus her claim is not

19  preempted under Miklosy.  Opp. at p. 11.

20      "Discrimination based on race, religion, age, or gender is

21  not a normal risk inherent in employment, and therefore workers'

22  compensation is not the exclusive remedy since any injury from

23  such discrimination [] falls outside the scope of employment."

24  Silva v. Solano Cnty., No. 2:13-CV-02165-MCE, 2014 WL 5501225, at

25  *4 (E.D. Cal. 2014).  However, misconduct such as demotions,

26  criticism and retaliation is a part of and within the risks

27  inherent in the employment relationship; thus, the exclusivity

28  rule bars emotional distress claims based on such conduct.  See

1  id.; Miklosy, 44 Cal. 4th at 902-03; Ferretti v. Pfizer Inc., No.

2  11-CV-04486, 2012 WL 3638541, at *11-12 (N.D. Cal. 2012).

3       Plaintiff's IIED claim therefore survives but is limited to

4  any injury caused by Defendant's alleged discriminatory conduct

5  based on Plaintiff's gender since the exclusivity rule is

6  inapplicable under these circumstances.  However, to the extent

7  this IIED claim is based on various other forms of misconduct

8  alleged in the FAC, such as criticism and retaliation, the motion

9  is granted.

10      As for Defendants' arguments regarding the sufficiency of

11 Plaintiff's allegations, the Court disagrees.  Plaintiff has

12 adequately alleged the requisite elements of an IIED claim under

13 California law.  FAC ¶¶ 14-16; 19-38; 47-51.  The motion on this

14 ground is denied.

15           4.  Defamation

16      "Under California law, a tort of defamation involves '(1) a

17 publication that is (2) false, (3) defamatory, (4) unprivileged,

18 and that (5) has a natural tendency to injure or that causes

19 special damages.'"  Silva, 2014 WL 5501225, at *5 (quoting Taus

20 v. Loftus, 40 Cal.4th 683, 720 (2007)).

21      Defendants contend the Court should dismiss this cause of

22 action because Plaintiff has failed to identify the alleged

23 defamatory statements and the claim is based on opinions, not

24 facts, as required for a claim of defamation.  Despite

25 Plaintiff's meager opposition, the Court finds the FAC adequately

26 states a cause of action for defamation.

27      "While the exact words or circumstances of the slander need

28 not be alleged to state a claim for defamation, the substance of

1   the defamatory statement must be alleged." <u>Silicon Knights, Inc.</u>

2   <u>v. Crystal Dynamics, Inc.</u>, 983 F. Supp. 1303, 1314 (N.D. Cal.

3   1997).  "'Even under liberal federal pleading standards, "general

4   allegations of the defamatory statements" which do not identify

5   the substance of what was said are insufficient.'" <u>Charlson v.</u>

6   <u>DHR Int'l Inc.</u>, No. C 14-3041 PJH, 2014 WL 4808851, at *5 (N.D.

7   Cal. 2014) (quoting <u>Jacobson v. Schwarzenegger</u>, 357 F.Supp.2d

8   1198, 1216 (C.D. Cal. 2004)).

9       The factual allegations made by the plaintiff in <u>Scott v.</u>

10  <u>Solano Cnty. Health & Soc. Servs. Dep't</u>, 459 F. Supp. 2d 959

11  (E.D. Cal. 2006) ("<u>Scott</u>") are analogous to those in this case

12  and the Court's reasoning in <u>Scott</u> is persuasive.  In <u>Scott</u>, the

13  plaintiff alleged that the "defendants 'published false

14  information about plaintiff's performance and falsely accused

15  plaintiff of dishonesty and lack of integrity.'" <u>Id.</u> at 973.

16  The court found it was clear that the plaintiff was complaining

17  about "statements allegedly made about her performance at work

18  and her character." <u>Id.</u>  The <u>Scott</u> court concluded that

19  "[a]lthough terse, [the plaintiff's] allegations [were]

20  sufficient to provide defendants sufficient notice of the issues

21  to enable preparation of a defense." <u>Id.</u>

22      As in <u>Scott</u>, the Court finds Plaintiff's terse allegations

23  herein of Defendants' defamatory statements regarding her work

24  performance and qualifications to be sufficient.  The Court does

25  not find the allegations reference merely opinions rather than

26  facts, and finds Defendants' arguments to the contrary

27  unpersuasive.  Defendants' Motion to Dismiss Plaintiff's

28  defamation claim is denied.

III.   ORDER

1  For the reasons set forth above, the Court GRANTS the Erwins'
2  Motion to Dismiss with leave to amend.  The Court DENIES
3  Defendants' Motion to Dismiss Plaintiff's causes of action for
4  conspiracy and defamation.  The Court DENIES Defendants' Motion
5  to Dismiss the IIED claim to the extent it is based on gender
6  discrimination, but GRANTS the motion to the extent the IIED
7  claim is based on the various other forms of misconduct alleged
8  in the FAC.

9  Due to the suspension of Plaintiff's counsel until June 25,
10  2015 (Doc. #20), Plaintiff shall have until July 6, 2015 to file
11  her amended complaint. If any amended complaint is filed,
12  Defendants' responsive pleading is due within twenty days
13  thereafter.

14  IT IS SO ORDERED.

Dated: May 22, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE